UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMERICAN CLAIMS MANAGEMENT, INC.,<br><br>                          Plaintiff,<br><br>v.<br><br>ALLIED WORLD SURPLUS LINES INSURANCE COMPANY (f/k/a Darwin Select Insurance Company),<br><br>                          Defendant. | Case No.: 18-CV-925-JLS (MDD)<br><br>**ORDER (1) GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO SEAL; AND (2) DENYING DEFENDANT'S MOTIONS TO SEAL**<br><br>(ECF Nos. 97, 108, 113) |

Presently before the Court are Plaintiff's (ECF No. 108) and Defendant's (ECF Nos. 97, 113) Motions to File Documents Under Seal. These three motions were filed in connection with Defendant's Motion for Summary Judgment. Having carefully considered the Motions, the proposed documents, and the relevant law, the Court **GRANTS IN PART AND DENIES IN PART** Plaintiff's Motion and **DENIES** Defendant's Motions.

**LEGAL STANDARD**

"[T]he courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). "Unless a particular court record is one 'traditionally kept secret,' a 'strong presumption in favor of access' is the starting point." *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (citing *Foltz v.*

*State Farm Mut. Auto Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). "The presumption of access is 'based on the need for federal courts, although independent—indeed, particularly because they are independent—to have a measure of accountability and for the public to have confidence in the administration of justice.'" *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016) (quoting *United States v. Amodeo*, 71 F.3d 1044, 1048 (2d Cir. 1995)).

A party seeking to seal a judicial record bears the burden of overcoming the strong presumption of access. *Foltz*, 331 F.3d at 1135. The showing required to meet this burden depends upon whether the documents to be sealed relate to a motion that is "more than tangentially related to the merits of the case." *Ctr. for Auto Safety*, 809 F.3d at 1102. When the underlying motion is more than tangentially related to the merits, the "compelling reasons" standard applies. *Id.* at 1096–98. When the underlying motion does not surpass the tangential relevance threshold, the "good cause" standard applies. *Id.*

"In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exists when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Kamakana*, 447 F.3d at 1179 (quoting *Nixon*, 435 U.S. at 598). However, "[t]he mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Id.* (citing *Foltz*, 331 F.3d at 1136). The decision to seal documents is "one best left to the sound discretion of the trial court" upon consideration of "the relevant facts and circumstances of the particular case." *Nixon*, 435 U.S. at 599.

## ANALYSIS

### I. Plaintiff's Motion

Plaintiff seeks to file the following documents under seal:

- Exhibits 6, 15–19, 21, 26, 28–30, 32–36, 38, 41–46, 48, 51, 53, 55–57, 62–64, 68, and 77 to the Declaration of Dane R. Voris in Support of ACM's Opposition

to Defendant's Motion for Summary Judgment ("Voris Declaration," ECF No. 110-1); and

- An unredacted version of ACM's Opposition to Defendant's Motion for Summary Judgment.

Plaintiff contends that compelling reasons exist to seal Exhibits 6, 15, 21, 35, 36, 38, 41, 42, 43, 44, and 51 to the Voris Declaration because they "reflect attorney-client communications and attorney work product, as well as confidential business information, and communications between representatives of ACM, Allied World, and counsel for ACM in the underlying matters." (ECF No. 108 at 2.)  Having reviewed the documents, the Court concludes these attorney-client communications are the type of privileged materials that have "traditionally been kept secret for important policy reasons," *see Lambright v. Ryan*, 698 F.3d 808, 820 (9th Cir. 2012), and therefore do not require "compelling reasons" to file under seal. *Kamakana*, 447 F.3d at 1178, 1185 (9th Cir. 2006). Accordingly, the Court **GRANTS** Plaintiff's Motion as to these Exhibits.

As for Exhibits 16–19, 26, 28–30, 32–34, 45–46, 48, 53, 55–57, 62–64, 68, and 77 to the Voris Declaration, and Plaintiff's unredacted Opposition, Plaintiff contends they should be filed under seal because either Defendant or Mr. Alan Jampool has designated all or part of the documents "confidential" under the Protective Order (ECF No. 38) entered in this case. (ECF No. 108 at 2–3.)

Given the strong presumption in favor of access to court records, a party seeking to file under seal materials in support of a dispositive motion, such as a motion for summary judgment, must articulate compelling reasons to maintain their confidentiality. *See Foltz*, 331 F.3d at 1136.  Under the compelling reasons standard, "the party seeking protection bears the burden of showing specific prejudice or harm will result if no [protection] is granted." *Phillips v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002).  That the documents sought to be filed under seal are subject to a protective order, without more, does not satisfy the compelling reasons standard. *Foltz*, 331 F.3d at 1136.  Further, "[t]he mere fact that the production of records may lead to a litigant's embarrassment,

incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Kamakana*, 447 F.3d at 1179 (citing *Foltz*, 331 F.3d at 1136).

Here, the only reason given by Plaintiff to seal these documents is that either Defendant or Mr. Jampool designated the documents as "confidential" pursuant to the Protective Order in this case. (ECF No. 108 at 2–3.) A review of the Exhibits reveals that they primarily consist of communications between counsel and transcripts of various deposition. (*See, e.g.*, ECF Nos. 109-3, 109-34.) It is therefore unclear to the Court what portions of these Exhibits—if any—contain information that would cause specific prejudice or harm if they are not filed under seal. Because Plaintiff has failed to meet its burden of establishing "compelling reasons" sufficient to outweigh the public's interest, the Court **DENIES WITHOUT PREJUDICE** Plaintiff's Motion as to Exhibits 16–19, 26, 28–30, 32–34, 45–46, 48, 53, 55–57, 62–64, 68, and 77 to the Voris Declaration, and Plaintiff's unredacted Opposition.

## II. Defendant's Motions

Defendant seeks leave to file the following documents under seal:

- Exhibits 5–11, 13, 27, 39, 42, 46, 53, 60–62, 65, 67, 69, 72, 75, 76, 78, and 82, to the Declaration of Guyon H. Knight In Support of Allied World's Motion For Summary Judgment (ECF No. 99-2);

- Exhibits 85, 86, 89, and 90 to the Declaration of Guyon H. Knight In Support of Allied World's Reply In Further Support of Allied World's Motion For Summary Judgment (ECF No. 115-1);

- An unredacted copy of Allied World's Memorandum In Support of Its Motion For Summary Judgment, which contains and describes confidential and sealed material from the exhibits to the Knight Declarations listed above; and

- An unredacted copy of Allied World's Reply In Further Support of Its Motion For Summary Judgment, which contains and describes confidential and sealed material from the exhibits to the Knight Declarations listed above.

///

Defendant contends these documents should be filed under seal because either Plaintiff or Brown & Brown, Inc. has designated all or part of the documents confidential under the Protective Order (ECF No. 38) entered in this case. (ECF Nos. 97 at 2; 113 at 2.) For the same reasons articulated above, *see supra* Section I, the Court finds Defendant has failed to meet its burden of establishing "compelling reasons" sufficient to outweigh the public's interest. The Court therefore **DENIES WITHOUT PREJUDICE** Defendant's Motions (ECF Nos. 97, 113).

## CONCLUSION

In light of the foregoing, the Court:

(1) **GRANTS** Plaintiff's Motion (ECF No. 108) as to Exhibits 6, 15, 21, 35, 36, 38, 41, 42, 43, 44, and 51 to the Voris Declaration. The Clerk of Court **SHALL FILE** these documents under seal;

(2) **DENIES WITHOUT PREJUDICE** Plaintiff's Motion (ECF No. 108) as to Exhibits 16–19, 26, 28–30, 32–34, 45–46, 48, 53, 55–57, 62–64, 68, and 77, and Plaintiff's unredacted Opposition; and

(3) **DENIES WITHOUT PREJUDICE** Defendant's Motions in their entirety (ECF Nos. 97, 113).

Within seven days of the electronic docketing of this Order, the Parties **SHALL FILE** renewed motions to seal that meet the "compelling reasons" standard **OR** the Parties **SHALL FILE** full, unredacted copies of the documents previously lodged under seal at ECF Nos. 98, 109, and 114.

**IT IS SO ORDERED.**

Dated: June 9, 2020

Hon. Janis L. Sammartino
United States District Judge