UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMERICAN CLAIMS MANAGEMENT, INC.,<br><br>   Plaintiff,<br><br>v.<br><br>ALLIED WORLD SURPLUS LINES INSURANCE COMPANY (f/k/a Darwin Select Insurance Company),<br><br>   Defendant. | Case No.: 18-CV-925 JLS (MDD)<br><br>**ORDER OVERRULING PLAINTIFF'S OBJECTION TO DISCOVERY ORDER**<br><br>(ECF No. 41) |

    Presently before the Court is Plaintiff American Claims Management's Objection to Magistrate Judge Berg's Discovery Order ("Obj.," ECF No. 41). Also before the Court is Defendant Allied World Surplus Lines Insurance Company's Opposition to ("Opp'n," ECF No. 45) and Plaintiff's Reply in Support of ("Reply," ECF No. 48) the Objection. Plaintiff requests that the Court set aside Magistrate Judge Berg's December 31, 2018 Order (the "Discovery Order, ECF No. 40) as it pertains to his finding "that compensation paid to [Alan] Jampol is irrelevant, and clarify that ACM is entitled to further inquire of Jampol's compensation from Allied World and seek through discovery the nature and extent of these engagements, including the value of them." Obj. at 5. After reviewing the Discovery Order, the Parties' arguments, and the law, the Court **OVERRULES** Plaintiff's objection.

///

**BACKGROUND**

This case concerns an insurance dispute between Plaintiff American Claims Management, a third-party insurance claim administrator, and Defendant Allied World Surplus Lines Insurance Company, Plaintiff's insurer. The facts that give rise to this dispute have been detailed in other orders, including Judge Berg's Discovery Order at issue here. *See* Discovery Order at 1–3. The Court incorporates by reference that factual background.

Relevant to this motion, Plaintiff has raised a breach of Defendant's duty to defend. Plaintiff contends that the attorney appointed by Defendant, Alan Jampol of Jampol Zimet LLP, caused excess damages as a result of his failed assignment scheme. Plaintiff argues that Defendant is liable for Jampol's conduct because Defendant controlled his conduct.

The present dispute arises from Plaintiff's First Set of Requests for Production of Documents and Things ("RFP"). *See* Obj. at 7. In RFP 10, Plaintiff requested Defendant to produce "Documents reflecting all compensation—whether for attorneys' fees, defense costs, or otherwise—paid by you [Allied World] to Jampol relating to you or any insured." Discovery Order at 8. Defendant objected that the request was "vague, overbroad, burdensome, disproportionate to the needs of this case, and not reasonably calculated to lead to admissible evidence." *Id.* at 8–9. Plaintiff was unsatisfied with this response. *See* Obj. at 7. Unable to come to a resolution through meet and confer attempts, the Parties filed a Joint Motion for Determination of Discovery Dispute. *Id.* at 7–8.

Magistrate Judge Berg decided the discovery dispute on December 31, 2018. Regarding RFP 10, Judge Berg denied Plaintiff's request to compel discovery "[f]or the same reasons set forth in the Court's analysis with respect to RFP No. 9." *Id.* Plaintiff's RFP 9 sought "[d]ocuments reflecting all compensation—whether for attorney's fees, defense costs, or otherwise—paid by you to Jampol relating to [Plaintiff]." *Id.* at 7. Judge Berg determined that although "[i]nformation regarding attorneys' fees and defense costs paid with respect to this Complaint seeks relevant information proportional to the needs of this case[,] . . . information regarding any sums paid to the attorney Jampol on any case

2

ever worked on 'relating to [Plaintiff]' is neither relevant nor proportional to the needs of this case." *Id.* at 8 (citing Fed. R. Civ. P. 26(b)(1)). Two weeks after the Discovery Order issued, Plaintiff filed its Objection.

## STANDARD OF REVIEW

A party may object to a non-dispositive pretrial order of a magistrate judge within fourteen days after service of the order. Fed. R. Civ. P. 72(a). The magistrate judge's order will be upheld unless it is "clearly erroneous or is contrary to law." *Id.*; *see* 28 U.S.C. § 636(b)(1)(A). The "clearly erroneous" standard of review applies to factual findings and discretionary decisions made concerning nondispositive pretrial discovery. *See F.D.I.C. v. Fid. & Deposit Co. of Md.*, 196 F.R.D. 375, 378 (S.D. Cal. 2000). The "clearly erroneous" standard is "significantly deferential, requiring a definite and firm conviction that a mistake has been committed." *Concrete Pipe & Prods. of Cal., Inc., v. Constr. Laborers Pension Tr. of S. Cal.*, 508 U.S. 602, 623 (1993) (internal quotation marks omitted).

## ANALYSIS

Plaintiff contends Judge Berg's decision about the relevancy of compensation paid by Defendant to Jampol and his firm was clearly erroneous because "(1) [Defendant]'s control and direction over Jampol is an important question for [Plaintiff]'s claims in this litigation, and (2) Jampol's financial relationship with Allied World is highly probative of the control and direction [Defendant] had over Jampol." Obj. at 12.

Defendant contends the request was neither relevant nor proportional. Opp'n at 15. Defendant contends that for Plaintiff to prevail in its claim, it must show Jampol was a de facto employee of Defendant and that the compensation paid to Jampol for other, unrelated matters is not relevant to this determination. *Id.*

Federal Rule of Civil Procedure 26 generally allows for broad discovery regarding "any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). "District courts have broad discretion in determining relevancy for discovery purposes." *Surfvivor Media, Inc. v. Survivor Prods.*, 406 F.3d 625, 635 (9th Cir. 2005) (citing *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002)).

The Court finds Judge Berg's conclusion, that information relating to Jampol's compensation paid by Defendant for unrelated matters is irrelevant, is neither clearly erroneous nor contrary to law. Under California law, an "attorney hired by the insurer to represent the insured is an independent contractor" and, thus, "the insurer is not vicariously liable for the negligence" of the appointed attorney. *Travelers Ins. Co. v. Lesher*, 187 Cal. App. 3d 169, 191 (1986). Despite this general rule, Plaintiff argues Defendant is vicariously liable for Jampol's conduct because an insurer can be liable for an appointed attorney's conduct if the attorney is "controlled by the insurer." Obj. at 12–13 (citing *id.*); *see also Merrit v. Reserve Ins. Co.*, 34 Cal. App. 3d 858, 880 (1973) (finding no vicarious liability for insurer where appointed attorney was "not a servant of the defendants but an independent contractor"). The only question the Court must answer to determine this claim, according to Plaintiff, is whether Jampol was subject to the "subject to the control and direction" of Defendant. *See Merrit*, 34 Cal. App. 3d at 880.

For the information requested to be relevant, Plaintiff must show it is related to the claim at issue. The Court notes that Plaintiff has not offered any standard to determine the question of direction and control in this context. *See* Reply at 8–10 (rejecting common law standard to determine employee's status). Without a standard, the Court cannot assess whether the information sought is relevant to any factor the court may consider. But even if the Court took a broad view of the standard and "consider[ed] the 'totality of circumstances' that reflect upon the nature of the work relationship of the parties," *see Vernon v. State of California*, 116 Cal. App. 4th 114, 124 (2004) (determining whether an organization was a joint employer)—a test Plaintiff argues is not applicable—the Court concludes that past compensation for other unrelated insurance matters would be irrelevant to its determination of whether Defendant controlled Jampol during the underlying litigation. Indeed, Plaintiff has not shown—and the Court has not found—any case law showing that past compensation for unrelated matters is relevant to the question of control in any context, let alone to determine an insurer's control over an appointed attorney. Thus, Plaintiff has not shown the information is relevant to its claim.

## CONCLUSION

For these reasons, the Court **OVERRULES** Plaintiff's Objection to Magistrate Judge Berg's December 31, 2018 Discovery Order.

**IT IS SO ORDERED.**

Dated: June 24, 2020

*Janis L. Sammartino*
Hon. Janis L. Sammartino
United States District Judge